UHLFELDER v. PALATINE INS. CO., LIMITED, OF MANCHESTER, ENGLAND.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

INSURANCE—RIGHTS OF MORTGAGEE—FORECLOSURE.

Plaintiff, a mortgagee of certain property, secured a policy thereon from defendant, insuring the mortgagor against loss or damage by fire to the mortgaged premises, loss payable to plaintiff as his interest might appear, and providing that the insurance should not be invalidated by any foreclosure or change of title or ownership of the property. After a foreclosure sale at which the plaintiff purchased the mortgaged premises, he assigned two-thirds of his interest to others, and subsequent to such assignment, but before the delivery of a deed by the referee, the property was damaged by fire. *Held*, that plaintiff's interest as mortgagee continued until the formal delivery of the deed by the referee under the foreclosure proceedings, and that plaintiff was therefore entitled to recover under the policy one-third of the total loss.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1444, 1445.]

Appeal from Special Term, New York County.

Action by Simon Uhlfelder against the Palatine Insurance Company, Limited, of Manchester, England. From a judgment (89 N. Y. Supp. 792) in favor of defendant, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Gibson Putzel, for appellant.
John Notman, for respondent.

INGRAHAM, J. This action was tried before the court without a jury, the facts not being in dispute. The action is on a policy of insurance by which the defendant agreed to insure one William Reichert for the term of three years, from the 5th day of March, 1900, at noon, to the 5th day of March, 1903, at noon, against all direct loss or damage by fire to an amount not exceeding $3,000, on a certain brick building, including all fixtures and improvements contained in or attached thereto, situated at No. 319 East Seventieth street, city of New York, loss, if any, payable to Simon Uhlfelder, mortgagee, as interest may appear, subject to clause attached. The clause attached is as follows:

"Loss or damage, if any, under this policy, shall be payable to Simon Uhlfelder, as mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property."

The court found that on January 1, 1901, William Reichert bought from the plaintiff, Simon Uhlfelder, the premises 319 East Seventieth street, in the city of New York, subject to a first mortgage of $12,000 held by the New York Savings Bank, giving at the same time a purchase-money mortgage of $5,000, and that in July, 1901, the plaintiff assigned a one-third interest in this second mortgage of $5,000 to Emma Weinberg; that Reichert defaulted in the payment of interest

on this second mortgage, whereupon the plaintiff and the said Emma Weinberg commenced an action to foreclose the said mortgage, making Reichert a party defendant. In that action a judgment of foreclosure and sale of the premises was entered, and in pursuance of that judgment the premises were sold at public auction on the 16th day of February, 1903, by the referee then appointed, at which sale the premises were knocked down to plaintiff by the referee for $3,000, and the usual memorandum of sale was signed. At the time of the sale the amount due on this mortgage was $5,410; the result of the sale being that there was a deficiency amounting to $2,549.56. Immediately after the sale the plaintiff assigned a one-third interest in his bid to Emma Weinberg and one-third to Isaac Heilbrun. The referee by a deed dated March 16, 1903, conveyed the premises to the plaintiff, Uhlfelder, Emma Weinberg, and Isaac Heilbrun as tenants in common; the consideration being $3,000, the amount bid at the sale. This deed was not delivered until some time in June, and was recorded June 23, 1903. On the morning of March 5, 1903, after the sale, but before the time fixed for the referee's deed, the building on the premises covered by the mortgage and the policy of insurance issued by the defendant was damaged by fire to the extent of $2,900, and this action was brought to recover the damage sustained by the plaintiff as mortgagee. The plaintiff, having prior to the fire assigned two-thirds of his interest under the bid, was entitled to receive and did receive from the referee a conveyance of an undivided third of the property. He therefore received an undivided third of this property, reduced in value by the amount of the loss by fire. He therefore sustained actual damage to the extent of one-third that the building on the property was damaged, which would be $966.66. The court, after finding the foregoing facts, found "that the plaintiff sustained no loss or damage by the aforesaid fire to his mortgagee interest in said property, but received and was credited with, on such foreclosure sale, his full two-thirds proportion of the capacity of the mortgaged premises in their undamaged condition before the fire to respond to the mortgage debt, and the security furnished by the said property for the plaintiff's mortgage debt was fully realized by him and was in no wise affected by the aforesaid fire," and as a conclusion of law "that the policy of insurance in suit only indemnified the plaintiff against any diminution by fire in the capacity of the morgaged premises to respond to his mortgage debt, and that, as the proof shows that such capacity was in no wise affected or lessened by the fire referred to, but the full consideration of the foreclosure sale before the happening of the fire having been duly paid, the plaintiff has failed to establish any loss or damage to his mortgagee interest covered by the policy in suit by the said fire," and directed judgment dismissing the complaint on the merits.

The real position in which the plaintiff found himself was that he had received in part payment of his mortgage one-third of a building that had been damaged by fire. The defendant had insured him against loss or damage by a fire to the building; but it is said that he cannot recover because the relation of the mortgagee to the property after the sale and before the formal delivery of the referee's deed had changed and that therefore he sustained no damage. It seems to me,

however, that the mortgagee's interest in the property was not substantially changed in consequence of the entry of the judgment of foreclosure and the formal sale of the property by the referee. We are dealing with an actual situation which exists by reason of the legal relations between the mortgagor and the mortgagee. By the execution of the mortgage the title to the property is not transferred, but remains in the mortgagor; the mortgagee having a lien on the property to secure the amount on the bond given with the mortgage. And that relation necessarily continues until by a formal conveyance by the referee under a sale the legal title passes from the mortgagor to the purchaser at the sale. As security for the mortgage debt the mortgagee has the right to resort to a court of equity and ask that the mortgaged premises be sold to pay the debt; and at that sale he has the right to purchase the property and to receive from the referee a conveyance of it, and thus he is able to secure the title to the property in satisfaction of the mortgage debt. That this right to obtain a title to mortgaged property for the amount due on the mortgage adds materially to the security of the mortgage and is an incident thereto is recognized by every one dealing in such securities.

The plaintiff, being the mortgagee, secured from the defendant, an insurance company, a policy of insurance by which the insurance company agreed to insure the mortgagor against loss or damage by fire to the mortgaged premises, "loss, if any, payable to Simon Uhlfelder, mortgagee, as interest may appear"; and this insurance, as to the interest of the mortgagee, shall not be invalidated by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property. It is quite true, however, the mortgagee could only recover the damages he sustained in consequence of the fire to the extent of the damage to his interest as mortgagee in the premises; but for this the insurance company was responsible. The learned counsel for the defendant treats this sale as having been made to a third party, so that the only interest that the mortgagee had under the sale was that the purchaser who had agreed to pay for the property should accept a deed from the referee; and if that had been the condition we would have agreed with the court below that the plaintiff as mortgagee had sustained no damage by the fire. But that was not the situation. The mortgagee had become the purchaser and was entitled to a conveyance of all of the mortgaged premises, which he was to receive as payment on account of the amount due on the mortgage, and thus in payment of his mortgage he was required to take a conveyance of the property. What he was to get in satisfaction of his mortgage was a conveyance of the property; and the fire that damaged the property before he acquired title would be, as I view it, a direct damage to his interest as mortgagee, as it reduced the value of the property that he had been required to take in satisfaction of his mortgage. It is true he completed his purchase, took title, and received from the referee a deed to the property; but what he received was a deed to property damaged by fire against which the defendant had insured him, and it certainly seems to me that, his interest as mortgagee in the premises not having been actually merged or destroyed by acquiring the fee before the fire, there was a direct injury to the

amount of his interest in the property that he acquired in satisfaction of his mortgage.

I think this view is sustained by several decisions of the Court of Appeals in this state, although the exact question was not presented in any of them. In Eddy, as Receiver, v. London Assurance Co., 143 N. Y. 311, 38 N. E. 307, the loss under the policy was, as in this case, payable to the mortgagee or trustee as interest may appear, and containing also the clause that the insurance as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property, or by any foreclosure or other proceedings or notice of sale relating to the property. Default having been made under the mortgage, foreclosure proceedings were commenced, and before judgment of foreclosure in the action a fire occurred. The mortgagee, proceeding with the action, obtained a judgment by default for the foreclosure of the mortgage, and subsequent to the fire the property was sold under the foreclosure judgment, leaving a deficiency of about $5,000. As to the right of the mortgagee to recover from the insurance company for the loss caused by the fire, the court held that the mortgagee was acting strictly within his legal rights when he took proceedings to foreclose the mortgage, and that there was a separate and distinct insurance of the interest of the mortgagee in the premises, and "consequently the mortgagee violated no contract on his part when he commenced the proceedings to foreclose his mortgage, and thus endeavored to collect his debts. Before he had proceeded as far as a judgment of foreclosure a fire occurred. What was he to do? Was he bound to stay further proceedings, and accept payment of the amount of his insurance, and then assign to the extent of such payment his rights in the mortgages to the companies? We think not. Such is not the meaning of the clause when read as a whole. Foreclosure proceedings were not to affect his rights. This was expressly provided for and agreed to. Although there was an agreement to subrogate, yet that agreement was also upon the condition that subrogation should not impair the mortgagee's right to recover the full amount of his claims. The two rights must be considered together, and though subrogation under certain circumstances may, under the agreement, be insisted upon, yet, unless payment of his mortgage debt is made, the mortgagee must have the right to proceed with the foreclosure and to a sale of the premises, for otherwise it could not be seen whether a subrogation prior to a sale would not impair his right to recover the full amount of the claim of the mortgagee." While this case is not exactly in point, the principle underlying it is in accord with the views before expressed.

In Haight et al. v. Continental Ins. Co., 92 N. Y. 51, the court said:

"Nor was the policy avoided by the sale under foreclosure. There was no change of title. No deed was given, and not even a report of sale made and presented to the court for confirmation. Until then the sale and transfer of possession were inchoate and conditional, and had not become absolute and complete."

See, also, Browning v. Home Ins. Co., 71 N. Y. 508, 27 Am. Rep. 86; Mutual Life Ins. Co. v. Balch, 4 Abb. N. C. 202.

That the purchaser at a sale under foreclosure does not become the

owner of the property until he receives a deed is now settled. Cheney v. Woodruff, 45 N. Y. 98.

My conclusion, therefore, is that the plaintiff's interest as mortgagee in the mortgaged premises continued until the formal delivery of the deed by the referee in pursuance of the sale under the judgment of foreclosure, and that, the fire having occurred before the delivery of the deed, the plaintiff as mortgagee was entitled to recover the damage caused to his interest in the premises as mortgagee; that in consequence of his transferring two-thirds of his interest under his bid, that damage was reduced to one-third of the actual damage caused by the fire; and that was the damage directly sustained by him by reason of the impairment of the property he secured for his mortgage indebtedness. Thus, upon the facts, this plaintiff was entitled to recover one-third of the total loss of $2,900, namely, $966.66.

It follows that the judgment appealed from must be reversed, and a new trial ordered, unless the parties waive a new trial, in which event judgment is directed for the plaintiff upon the findings of the court below for that amount, with interest and costs in this court and in the court below. All concur.