NUNZIO MONTALBANO, Plaintiff, v. LUMBERMEN'S INSURANCE COMPANY OF PHILADELPHIA, Defendant.

City Court of New York, New York County, June 29, 1931.

*Goldstein & Goldstein*, for the plaintiff.

*Powers & Kaplan*, for the defendant.

NOONAN, J. This is a motion to strike out the second, third and fourth separate defenses of the defendant's answer, the fourth defense being also pleaded by way of counterclaim.

The action is brought by the plaintiff, who was second mortgagee of real property insured by the defendant under a policy of fire insurance, to recover his proportionate share of the loss caused by a fire.

Under the policy of insurance held by the owner of the premises, the loss or damage was payable to the plaintiff as second mortgagee " as interest may appear."

The second defense sets forth that the plaintiff as second mortgagee previous to the time of the fire had brought an action to foreclose his mortgage, and that as a result of the foreclosure sale he became the owner of the premises and was such owner at the time the fire took place.

It is also pleaded in this defense that the foreclosure proceedings were taken and prosecuted to the knowledge of the plaintiff and without the knowledge or consent of the defendant and that the policy of insurance of this defendant does not permit any change of ownership. This defense then concludes by stating: " That the plaintiff failed to notify the defendant of such change of ownership, and that the plaintiff wholly failed and neglected to have the said change of ownership noted upon said policy of this defendant."

The mortgagee clause of the policy pertinent to the question states that: " This insurance, as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described premises, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property * * *. Provided, also, that the mortgagee * * * shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee * * * and, unless permitted by this policy, it shall be noted thereon and the mortgagee * * * shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The mortgagee clause of the policy just quoted from states in positive terms that the interest of the mortgagee shall not be affected by any act of the mortgagor or owner of the premises or by any foreclosure proceedings of the mortgagee or by any change in the title or ownership of the mortgagor. The clause in question is the usual standard mortgagee clause contained in policies of fire insurance.

Such a clause was construed in the case of *Eddy* v. *London Assur. Corp.* (143 N. Y. 311, 319), where the court held that foreclosure proceedings by a mortgagee did not prevent him from recovering his interest in the policy. The court there said: " Consequently, the

mortgagee violated no contract on his part when he commenced the proceedings to foreclose his mortgage, and thus endeavored to collect his debts."

The policy in the case at bar contained the following provision which was not in the *Eddy* case so far as appears from the reported case: " Provided, also that the mortgagee shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee."

The defendant contends that this provision distinguishes the case at bar from the *Eddy* case and that unless the mortgagee notified the defendant of any change of ownership and such change was noted on the policy, the policy became null and void. All the provisions of the mortgagee clause must be read together and harmonized. It was the clear intention of the policy to insure the interest of the mortgagee. Such interest was separate and distinct from that of the mortgagor or owner. It was also positively expressed that there was to be no invalidation of the policy by a foreclosure proceeding instituted by the mortgagee and by the consequent change of ownership from the mortgagor to the mortgagee. The natural result of foreclosure proceedings was such a change of ownership.

It seems to me that the provisions relating to a notice of a change of ownership was intended to refer to a transfer of the property by the mortgagor to some third party. This is apparent, I think, from the fact that the mortgagee is only required to give notice of such change of ownership " which shall come to the knowledge of said mortgagee." This would indicate a change of ownership other than by foreclosure proceedings instituted by the mortgagee himself. The knowledge of the mortgagee referred to is that coming from outside sources. In other words, if the mortgagor sold the property to some one else, the mortgagee was obligated to give notice to the defendant of such a change of ownership. But if the mortgagee became the owner by foreclosure proceedings, such notice was not necessary, since there was no increase of hazard by such a change. When the defendant insured the mortgagor and mortgagee, it knew the character of the persons insured. A foreclosure proceeding resulting in the mortgagee becoming the owner could not thereby increase the risk.

In my opinion, therefore, the second separate and distinct defense is insufficient in law and must be stricken from the answer to the plaintiff's amended complaint.

The third separate and distinct defense and the fourth separate and distinct defense also pleaded as a counterclaim concern the subrogation clause of the policy.

The policy in suit contained the following provision: " Whenever

this company shall pay the mortgagee * * * any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee * * * the whole principal due or to grow due on the mortgage with interest and shall thereupon receive a full assignment and transfer of the mortgage and all of such other securities; *but no subrogation shall impair the right of the mortgagee * * * to recover the full amount of the claim.*" (Italics mine.)

The significant provision of this clause is the italicized portion.

A similar clause was passed upon in the case of *Eddy* v. *London Assur. Corp.* (*supra*), and the court there held that the subrogation rights of the insurance company were not prejudiced by the fore-closure proceedings of the mortgagee. In that case it was written that while the commencement of the foreclosure suit terminated the insured's interest under the policy, the insurance of the mort-gagee's interest was separate and distinct and that the latter had the same benefits under the policy as if he had received a separate policy, free from the conditions imposed upon the insured. Consequently, the court said, the mortgagee violated no contract when he brought the foreclosure proceedings and that as his rights under the policy to a full payment of his claim were not to be impaired by any subrogation, the mortgagee was entitled to recover his interest.

Under the authority of the *Eddy* case, it is my conviction that the third defense is bad in law.

The fourth defense and counterclaim is substantially the same as the third defense, except that it seeks affirmative relief by request-ing that the defendant, if it is required to pay, be subrogated to the rights of the plaintiff as second mortgagee and that a lien upon the premises or upon the interest of the mortgagee be declared to the extent of the payment.

For the reasons stated, the fourth defense and counterclaim must likewise be stricken out.

The motion is accordingly granted, and the defenses attacked are stricken from the answer.