John H. MINNIEFIELD, Appellant,

v.

CONSOLIDATED LLOYDS, Appellee.

No. 6211.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 18, 1958.

Carruth & Gray, Port Arthur, for appellant.

Fred A. White, Port Arthur, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the County Court of Jefferson County at Law in favor of the appellee, Consolidated Lloyds, against the appellant, John H. Minniefield. Appellant sued appellee, claiming liability to him on an automobile insurance policy.

The case was tried to the court without a jury and after the court rendered judgment in favor of the appellee, defendant in the trial court, the court filed findings of fact and conclusions of law. The appellant on appeal has no complaint of the court's findings of fact, but maintains that the conclusions of law of absence of liability of the insurance company to him were erroneous. In view of this situation we set out the findings of fact as our statement of the case.

"Findings of Fact

"I find it is a fact that this suit was commenced by John H. Minniefield, as plaintiff, by filing this suit in this Court on the 7th day of May, 1957, against the defendant, Consolidated Lloyds.

"I find that on or about the 17th day of December, 1955, Consolidated Lloyds issued its policy of insurance in favor of John H. Minniefield, such policy being Number

208826, and insured one 1952 Ford CL 2-dr. automobile, Motor Number B2DL 112245 against damages and loss from collision and upset with a deductible clause of $50.00, and against fire, lightning and transportation for actual cash value. Said policy of insurance contained what is commonly known as a loss payable clause to the lien holder on said automobile, Sabine Discount Company, Inc., to the extent of the coverage of said automobile or to the extent of the indebtedness owed by plaintiff, John H. Minniefield, to Sabine Discount Company, Inc., upon said automobile.

"That John H. Minniefield purchased, on September 17, 1955, said automobile from J. G. Kanesaw, and executed a Conditional Sales Contract for the unpaid balance of $675.00 on the purchase price of said automobile in favor of the said J. G. Kanesaw, to which Consolidated Sales Contract was attached the Promissory Note for the sum of $675.00 payable in fifteen monthly installments of $45.00 each with the first installment becoming due January 27, 1956. J. G. Kanesaw, on December 17, 1955, duly assigned in writing the Conditional Sales Contract and Note to Sabine Discount Company, Inc. Said Conditional Sales Contract retained the title in the seller and his assigns until the full purchase price was paid.

"I find that said automobile was in a collision on or about the 28th day of September, 1956, and at the time of said collision the plaintiff, John H. Minniefield, was in arrears with the payment of his note to Sabine Discount Company, Inc., in the sum of $45.00.

"I further find that the reasonable and fair cash market value of said automobile immediately prior to such collision was the sum of $525.00, and that its value immediately after the collision was $125.00. I find that the plaintiff, John H. Minniefield, at the time of such collision was indebted to the Sabine Discount Company, Inc., for said automobile, which indebtedness was secured by said Conditional Sales Contract,

in the sum of $475.55, and that said John H. Minniefield was in arrears with his payments in the sum of $45.00.

"I find that at the time of such collision the said John H. Minniefield was in arrears in the sum of $45.00 in the payment of his Note and that he failed and refused to make any further payments thereon, and that Sabine Discount Company, Inc., exercising the privilege granted to it in the Conditional Sales Contract and in the note attached thereto, each of which was duly signed by John H. Minniefield, foreclosed its lien upon said automobile and that Consolidated Lloyds, defendant herein, having a liability of only $395.55, paid said amount under the loss payable clause in said policy to Sabine Discount Company, Inc., the lien holder, and that such payment redeemed its liability under said policy, the salvage of said automobile having been sold by Sabine Discount Company, Inc., after the foreclosure for $125.00 which was credited upon the note of John H. Minniefield to it in the sum of $116.00, the sum of $9.00 of said $125.00 having been paid for storage of such salvage.

"I find that after the payment of $125.00 for the salvage from which amount the sum of $9.00 was paid for storage thereof, there was a credit of $116.00 from the salvage due the plaintiff, John H. Minniefield, and that after Consolidated Lloyds paid the sum of $359.55 that John H. Minniefield was still indebted to the Sabine Discount Company, Inc. in the sum of $0.55.

"I find as a fact that when Sabine Discount Company, Inc., foreclosed its lien upon the automobile in question it became the legal owner and holder of both the equitable and lawful title to the automobile and that the said John H. Minniefield had no further interest in said automobile even though he received credit upon his indebtedness to Sabine Discount Company, Inc., for the amount of insurance paid by Consolidated Lloyds and for the price the salvage of such automobile was sold."

From the above findings of fact the trial court filed the following Conclusions of Law:

## "Conclusions of Law

"I conclude as a matter of law that under the terms of the insurance policy sued upon by John H. Minniefield that Sabine Discount Company, Inc., in whose favor the loss payable clause in such policy of insurance inured, was entitled to be paid from the proceeds of such insurance the full amount of its indebtedness against John H. Minniefield and that John H. Minniefield had no other interest in the proceeds of such insurance policy than to have same credited upon his indebtedness to Sabine Discount Company, Inc. unless the amount of such insurance exceeded the amount of his indebtedness to Sabine Discount Company, Inc.

"I further conclude as a matter of law that since Consolidated Lloyds redeemed its liability under such policy by paying under the loss payable *close* its liability to Sabine Discount Company, Inc. that it has redeemed its liability in full and that such payment was credited to the indebtedness of John H. Minniefield to Sabine Discount Company, Inc., and that John H. Minniefield actually received credit for all the proceeds from said policy of insurance.

"I further conclude as a matter of law that since Consolidated Lloyds rightfully and lawfully paid the proceeds of the policy of insurance to Sabine Discount Company, Inc., that any recovery by John H. Minniefield against Consolidated Lloyds in this suit would amount to a double recovery upon said policy of insurance.

"I conclude as a matter of law that Sabine Discount Company, Inc. having lawfully foreclosed its lien against said automobile, as provided for in the Conditional Sales Contract held by it, John H. Minniefield had no further interest in said automobile or the insurance thereon other than to receive proper credit on his indebtedness to Sabine Discount Company, Inc."

The appellant brings his appeal under three points of error. He contends under point one that the trial court erred in determining that the mortgagee, Sabine Discount Company, had an interest in the proceeds of the insurance policy because of the fact that when the mortgagee foreclosed its mortgage it extinguished its lien and thereafter had no interest in the proceeds of the insurance policy.

By his second point he contends that the trial court erred in determining that he, the appellant, was indebted to the mortgagee, Sabine Discount Company, because of the fact that said mortgagee was not a party to the suit, and hence such finding was not warranted.

By his third point he contends that the trial court erred in holding for the appellee because on the pleadings and evidence presented he, the appellant, was entitled to judgment for $475, and a judgment in his favor would have fully and finally settled the controversy between appellant, appellee, and Sabine Discount Company.

We dispose first of appellant's point No. 2.

■ We are unable to agree with the contention of the appellant that the mortgagee in the case, Sabine Discount Company, was a necessary party to this suit before any adjudication could be made that the appellant was indebted to Sabine Discount Company on his note and chattel mortgage on his automobile. He himself testified about his transactions with Sabine Discount Company and stated that he owed them a balance on his note. In his petition he alleged that there was an indebtedness on his note to Sabine Discount Company and that after he had a collision with his automobile he notified that Company of the collision and damages to his car. There was no real controversy in the case as to how much was owing on his note and the trial court's finding of the amount of such indebtedness was based upon the testimony of employees of Sabine Discount Company

with the records of that company. The trial court's finding of fact, therefore, was a sufficient adjudication of the amount of appellant's debt to the mortgagee, Sabine Discount Company. This point is overruled.

Appellant's Points Nos. 1 and 3 will be considered together, since they concern the same matters in controversy here. Appellant's basic contention on this appeal is that since the appellee, Consolidated Lloyds, had issued a policy of insurance insuring against a loss on his automobile by collision, and he had suffered a loss to his automobile by a collision, that even though the insurance policy contained a clause providing for loss payable to the mortgagee, Sabine Discount Company, as its interest might appear, nevertheless when Sabine Discount Company foreclosed its mortgage on the wrecked car it was no longer a lienholder but became the owner of the car and was not entitled to any of the proceeds of the insurance policy. He says that by the foreclosure on the car by Sabine Discount Company, mortgagee, the Sabine Discount Company had made an election of remedies, and since it elected to foreclose it could not pursue the other remedy and seek recovery on the insurance policy. We are unable to agree with this reasoning and conclusion.

The purchaser of a motor vehicle may contract for insurance against his own loss and also against loss by his secured creditor, and where a conditional purchaser or mortgagor or owner takes out a policy on an automobile insuring the conditional seller or mortgagee as his interest may appear, the effect is to give the conditional seller an interest in money which may become due on the policy in the event of a loss. In such case the rights of the creditor become fixed on the occurrence of the loss. 46 C.J.S. Insurance § 1183, p. 93; Superior Lloyds of America v. Boesch Loan Company, Tex.Civ.App., 153 S.W.2d 973, error refused. The mortgagee's interest under such a policy payable to a mortgagee "as

its interest may appear" is defined to be the indebtedness which the mortgagor owes under his note and mortgage. 24–B Tex. Jur. 792. A foreclosure of a chattel mortgage by a mortgagee operates as a satisfaction of a mortgage debt only to the extent of the value of the converted security. Williams v. Walker, Tex.Civ.App., 290 S.W. 299, 301. Applying the rules announced in the above authorities to the facts here, the right of the mortgagee, the Sabine Discount Company, to the proceeds of the insurance policy became fixed at the time of the collision. When Minniefield came into the office and notified Sabine Discount Company, an officer of which also was the agent for Consolidated Lloyds, of the loss and declined to make any further payments on his note, the Sabine Discount Company was within its rights in foreclosing under the terms of the conditions of the sales contract, or chattel mortgage, and applying the proceeds to the appellant's indebtedness on his note. This procedure in no way interfered with its right to proceed with collection from the insurance company of the proceeds of the policy to which it was entitled under the loss payable clause in the policy. Its right to such insurance proceeds became fixed before the foreclosure and was not altered nor abrogated by such act of foreclosure. The amount realized from the insurance company was not greater than the unpaid balance of appellant's obligation under his note and therefore the mortgagee rightfully retained all such proceeds.

It follows that we believe the trial court was correct in his conclusions of law, that the appellee insurance company had discharged its obligation under the insurance policy issued to the appellant and his creditor and therefore the appellant showed no basis for his claim of liability on the part of the appellee.

The judgment of the trial court is affirmed.