**Henrietta NELSON, Appellant,**

**v.**

**CONSUMERS COUNTY MUTUAL INSUR-ANCE COMPANY et al., Appellees.**

No. 13484.

Court of Civil Appeals of Texas.

San Antonio.

June 24, 1959.

Rehearing Denied Aug. 12, 1959.

536

Insurance Company and Carl Schweers, upon an automobile policy covering collision, fire, etc. Joined in the suit also are Carl Schweers and Motor Finance Company in an action for usury in connection with the alleged financing of an automobile purchased by plaintiff from Odous C. Tindall, a used car dealer in the City of San Antonio. On motion of the Insurance Company, the court severed the usury case, and only the case against the Insurance Company and Carl Schweers on the automobile policy proceeded to trial. The suit was tried to a jury, but at the conclusion of the evidence the court withdrew the case from the jury and rendered judgment for the defendants. From that judgment Henrietta Nelson has appealed.

Appellee Carl Schweers was alleged to be an agent and underwriter for Consumers County Mutual Insurance Company and also a joint owner with one Marvin H. Hirsch, of the business known as Motor Finance Company.

The pertinent facts in this case are, that appellant on November 27, 1956, purchased a 1952 Chevrolet 5-Passenger Coupe automobile from Odous C. Tindall, and as a part of the purchase price therefor executed a note to Tindall for the sum of $660.-96, secured by a chattel mortgage. Thereafter said note was transferred to Motor Finance Company, and the insurance policy was purchased from and issued by Consumers County Mutual Insurance Company, with loss payable clause in favor of Motor Finance Company "as its interest may appear." On January 19, 1957, the automobile in question was involved in a collision in San Antonio, Texas, and suffered damage. Thereafter, on February 8, 1957, appellant filed with appellee Insurance Company a proof of loss, under the terms of said policy.

Chas. F. Nichols, San Antonio, for appellant.

Chas. H. Jackson, Jr., San Antonio, for appellees.

BARROW, Justice.

This is a suit by Henrietta Nelson, a widow, against Consumers County Mutual

Appellant having defaulted on her note and chattel mortgage, the Motor Finance Company on May 10, 1957, took possession of said automobile in its damaged condition, under the terms of the chattel mort-

gage. The Motor Finance Company had the damage to the car repaired and presented the claim for payment of loss to the Insurance Company, as provided in the policy. The Insurance Company, upon the Finance Company's proof of loss and claim therefor, settled and paid the loss to the full extent of the cost to repair the damage on said automobile, less $50 deductible.

The controlling issues in this case are presented by appellant's fourth and fifth points. By the fourth point appellant contends that the case should be reversed because the settlement made by the Insurance Company with the Finance Company, under the power of attorney contained in the chattel mortgage, was not binding on her, because the power had been revoked. By the fifth point she contends that such settlement did not extinguish her rights under the claim she filed with the Insurance Company and the suit she filed against it.

The mortgage executed by appellant as a part of the purchase price for the automobile contained the following provision:

"Mortgagor further covenants and agrees * * * to keep said property insured against loss or damage against fire, theft, collision or upset, and against property damage and public liability at the election of Mortgagee, all in companies acceptable to Mortgagee with loss payable to Mortgagee as Mortgagee's interest may appear."

It also provided as follows:

"Mortgagor further irrevocably appoints Mortgagee his agent and attorney to receive any return premiums and to adjust, compromise, settle and release any and all insurance claims for damage to said property under any and all insurance policies above provided for, in Mortgagor's name or jointly with Mortgagor or in Mortgagee's name alone; and further appoints Mortgagee his agent and attorney to endorse and cash any insurance checks or drafts in Mortgagor's name or otherwise to collect and receive the full proceeds from any such insurance policy or policies. This appointment shall specifically pass to and vest in any transferee or other holder of this mortgage."

The policy issued to appellant contained the loss payable clause in favor of Motor Finance Company, the holder of the mortgage, and also contained the provision limiting the liability of the Insurance Company, as follows:

"Limit of Liability; Settlement Options; No Abandonment—The limit of the company's liability for loss shall not exceed either (1) the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss or (2) what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, or (3) the applicable limit of liability stated in the declarations.

"The company may pay for the loss in money or may repair or replace the automobile or such part thereof, as aforesaid, or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is replaced, or may take all or such part of the automobile at the agreed or appraised value but there shall be no abandonment to the company."

■■ Appellant contends that appellee Insurance Company had no right to settle with Motor Finance Company, for the reason that she had made a claim for herself and had filed suit prior to the settlement, and that her action in so doing had the effect of revoking the power of attorney contained in the mortgage. We overrule that contention. Such action on her

**538**

part docs not have that effect. Moreover, this power was coupled with an interest in the subject matter. The contract shows on its face that it is a power invested in the mortgagee for the purpose of safeguarding its own interest and cannot be revoked by the principal or mortgagor. 2 Tex.Jur. 628, § 210.

The proceeds of this policy became the property of the mortgagee and was payable to it to the extent of the amount due on the mortgage. The expression "as its interest may appear" is defined as the indebtedness the mortgagor owes under his note and mortgage. 24–B Tex.Jur. 792. In such cases the rights of the creditor became fixed on the occurrence of the loss. Superior Lloyds of America v. Boesch Loan Co., Tex.Civ.App., 153 S.W.2d 973, error refused; Minniefield v. Consolidated Lloyds, Tex.Civ.App., 316 S.W.2d 428; 46 C.J.S. Insurance § 1183, p. 93.

Appellant makes the further contention that the Insurance Company had no authority to settle with Motor Finance Company, the mortgagee, under the power of attorney, for the reason that in making the claim the Finance Company did not purport to act as her attorney in fact, but made the claim in its own name. This contention is also overruled. The mortgagee, under the terms of the mortgage, had the authority to make the claim in its own name.

Undoubtedly, the Insurance Company had the option under the terms of the policy, either to repair the damage to the automobile or pay the damages in cash. In either event the Insurance Company's obligation was to the mortgagee, up to the amount of the debt. Appellant makes no contention that the Insurance Company failed to fully and completely repair the damaged automobile. Therefore, when the Insurance Company exercised its option to make repairs and did so, as shown by the undisputed evidence, it discharged its obligation under the policy issued to appellant and her creditor. Appellant consequently showed no basis for liability on the part of appellee Insurance Company.

The remainder of appellant's points are without merit and are overruled. The judgment is affirmed.