PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.

No. 4092.

Court of Civil Appeals of Texas.

Waco.

June 13, 1963.

Rehearing Denied July 11, 1963.

Bryan & Patton, Houston, for appellant.

Liddell, Austin, Dawson & Sapp, W. Robert Brown, Houston, for appellee.

McDONALD, Chief Justice.

This suit was bought by General Motors Acceptance Corporation to recover from Lee Roy Halpen the unpaid balance on a note given for an automobile, and to recover from Phoenix Assurance Company the actual cash value of the automobile, under the provisions of an insurance policy issued to Halpen by Phoenix, and which named G. M. A. C. as loss payee of such policy. Plaintiff alleged that the automobile was taken from Halpen's possession by persons unknown, and that Phoenix was obligated to pay G. M. A. C. its loss to the extent of its interest.

Defendant answered, denying liability on the policy, contending among other things that Halpen had filed a "swindling purported proof of loss" (claiming car rental not actually true), and was precluded from recovery on the policy, and plaintiff, G. M. A. C., being a loss payee, was not entitled to recover as its rights were dependent on Halpen's rights.

The evidence established that G. M. A. C. financed Halpen's purchase of the car; that defendant, Phoenix, issued its policy to Halpen with G. M. A. C. as loss payee; that Halpen was in possession of the car on December 11, 1959 but not thereafter; that the car was found in the Bayou in June 1961; that the car was worth $2800. on December 11, 1959, and worth $17.00 when recovered from the Bayou; that G. M. A. C. had no knowledge of the statements Halpen made in the proof of loss until after they were made to defendant.

Trial was to a jury which found that the car was worth $2800.00 on December 11, 1959 (the date it disappeared). The court found from the evidence that the car was worth $17.00 at the time of its recovery from the Bayou in June, 1961. The Trial Court entered judgment for plaintiff against defendant Halpen for the amount due on his note; and against defendant Phoenix for $2783.00 (the value of the car

on December 11, 1959 less its value in June, 1961).

Defendant Phoenix appeals on 23 points, which contend:

1) Plaintiff G. M. A. C.'s rights are derivative through the rights of Halpen. Halpen could not recover because of false statements he made in the proof of loss he submitted. Therefore, G. M. A. C. cannot recover.

2) Halpen made misrepresentations at the time of the issuance of the policy, which would preclude Halpen from recovery; and which preclude G. M. A. C. from a recovery.

3) G. M. A. C. alleged theft as the exclusive cause of loss and a fact issue was presented in this respect.

4) G. M. A. C. participated in or had knowledge of Halpen's misrepresentations and false proof of loss, and is precluded from recovery as a loss payee.

■ Defendant's 1st contention is that Halpen, the insured, made false claims in his proof of loss submitted to the Company, and was precluded from recovery, and that G. M. A. C.'s rights, as loss payee, are derivative through Halpen, and it can recover only if Halpen is entitled to recover.

Conceding that Halpen made claims in his proof of loss, which would preclude a recovery by him, such cannot preclude recovery by G. M. A. C., the loss payee. The action Halpen took was *after* the loss, and at a time when G. M. A. C.'s rights were fixed and G. M. A. C.'s rights cannot be taken away by the acts of Halpen alone, committed after the occurrence of the loss. Superior Lloyds of America v. Boesch Loan Co., CCA, W/E Dism'd., 153 S.W.2d 973; Minniefield v. Consolidated Lloyds, CCA, (n. w. h.) 316 S.W.2d 428; Nelson v. Consumers County Mut. Ins. Co., CCA, W/E Dism'd., 326 S.W.2d 535. See also 7 Baylor L. R. 163; 38 A.L.R. 379. Contention 1 is *overruled*.

■ Defendant's 2nd contention is that Halpen made misrepresentations in his application for the policy concerning his true residence, and prior policy cancellations, which preclude Halpen from a recovery, and which likewise preclude G. M. A. C. from a recovery.

Defendant's answer did not plead misrepresentations of residence, and prior cancellation of insurance, as a defense. Defendant is not entitled to avoid the policy because of misrepresentation of residence and prior cancellation, unless it plead same as a defense, and obtained findings that such were material to the risk or contributed to the contingency on which the policy became due. Article 21.16, V.A.T.S., Vol. 14A; See also Mecca Fire Ins. Co. v. Stricker, CCA (n. w. h.), 136 S.W. 599. Since defendant failed to plead, prove, and submit jury issues on the asserted defenses concerning misrepresentation of residence and prior policy cancellations, defendant's contention 2 is overruled.

■ Defendant's 3rd contention is that G. M. A. C. alleged that the loss of the car was by theft, and that a theft was not proven. G. M. A. C. alleged that defendant was indebted to it by reason of the "theft and wrongful taking and the insurance agreement." The loss of the car was proven, and in fact the car was recovered from the Bayou in a condition wherein it was worth only $17.00. We think that G. M. A. C. effectively alleged and proved a loss under the policy, and was not tied to proof of the technical elements of theft, in order to recover under the loss payee clause of the policy. The contention is overruled.

■ Defendant's final contention is that G. M. A. C. is precluded from any recovery because it participated in or had knowledge of Halpen's misrepresentations and false proof of loss. There is no evidence that G. M. A. C. had knowledge of or par-

ticipated in any misrepresentations or false statements of Halpen.

All of defendant's points and contentions are overruled. The judgment of the Trial Court is affirmed.