## Public Federal Savings and Loan Association, to use, v. Societa Operaia Mutuo Soccorso

*Robert J. Scallan,* for use-plaintiff.

*William F. Keating* and *Albert E. Holl, Jr.,* for former owners.

DIGGINS, J., May 5, 1970.—The instant matter is before the court for purposes of determining the outstanding exceptions filed by the respective parties in interest to the sheriff's schedule of distribution. Since the essential facts are not in dispute, the parties have entered into a stipulation of facts which has been filed of record, the pertinent facts being hereinafter set forth.

The use-plaintiff, Genevieve M. Verratti, is the assignee of a mortgage originally held by Public Savings

and Loan Association on premises situate at 409-11 Smiley Street, Crum Lynne, Delaware County, Pa. At the time of the assignment of the mortgage on March 7, 1969, the real owners of the property were Viking Aquatech Pools, Inc., and James J. Cucinotta. The mortgage was in default on the day of assignment and a writ of execution was issued on the same day and the subject premises were scheduled for a sale by the sheriff on April 11, 1969.[1] At the request of either or both of the real owners, the sheriff's sale was continued, initially, until April 25, 1969, and subsequently until June 27, 1969.

Between the time of the initial scheduled date for the sheriff's sale, i.e., April 25, 1969, and the subsequent scheduled sale, i.e., June 27, 1969, viz., on June 5, 1969, a fire occurred at the subject premises causing damages in the amount of $6,100. *All interested parties had knowledge of the fire at the time of the sheriff's sale subsequently held.*

On June 27, 1969, the sheriff's sale was held. The use-plaintiff, Genevieve M. Verratti, was the highest bidder, in apparent active bidding, at the sheriff's sale and the property was sold by the sheriff to her for $53,500.[2] At the time of the aforementioned fire, there was adequate insurance coverage on the subject premises and the insurance policies contained loss payable clauses in favor of the mortgagee.[3] The insurance carriers have agreed to pay the sum of $6,100

---

[1] Damages were assessed at $46,590.51, including principal, interest and attorney's fee.

[2] The sheriff's schedule of distribution lists the sum of $47,599.11 as being the full amount of the debt, costs and interest due on the mortgage.

[3] Use-plaintiff has not been substituted as the loss payee on the subject policies. For present purposes, however, we consider that the substitution is a technical deficiency which can be remedied.

into court pending the court's determination concerning the identity of the interested party or parties entitled to receive the subject proceeds.

The issue presented is as follows: Under the circumstances here present, who is entitled to the insurance proceeds, the mortgagee, by assignment, or the successful bidder at the sheriff's sale, or the former real owners? For the reasons hereinafter set forth, we conclude that the subject insurance proceeds must be paid to the former real owners.

Although the use-plaintiff appears in the action in two capacities, viz., as assignee of the mortgage and as purchaser of the subject premises at the sheriff's sale, we are of the opinion that the use-plaintiff is not entitled to the insurance proceeds in either capacity. As mortgagee, she has been repaid the full amount of her debt, interest and costs; as purchaser at the sheriff's sale, she has received the subject property in its then damaged condition with full knowledge thereof. The bidding was obviously competitive at the sheriff's sale and use-plaintiff, by outbidding the other bidders, was the successful bidder. Significantly, counsel for the use-plaintiff, in his brief submitted to the court, concedes that the price for which the subject property was sold at the sheriff's sale represented its *market value*. Obviously, then, the property's market value reflected its then damaged condition and, possessed of this knowledge, use-plaintiff outbid the other bidders. Thus, use-plaintiff purchased the subject property for its fair market value, in its then damaged condition, at the time of the sheriff's sale and cannot now claim the insurance proceeds in light of the fact that the amount derived from the sheriff's sale was sufficient to satisfy the mortgage debt in full. This conclusion applies to the use-plaintiff not only in the capacity as mortgagee but also in the capacity as the successful purchaser at the sheriff's sale.

In the former capacity, the debt was paid in full; in the latter capacity, she purchased the subject property, in its then condition, at its market value and thus has no claim on the insurance proceeds. The fact that use-plaintiff is here involved in two capacities in our opinion has no legal significance or impact on the subject matter.

Concomitantly, the subject insurance policies provide that any loss shall be payable to the owners or to the mortgagee ". . . as interest may appear . . ." Patently, this provision in the subject policies means that a mortgagee is entitled to the insurance proceeds only to the extent that the loss has diminished the mortgagee's security interest. Having concluded that the use-plaintiff received full satisfaction of the mortgage debt, it logically follows that the use-plaintiff, in her capacity as mortgagee, has no interest in the insurance proceeds. Conversely, if the mortgagee was not paid the full amount of the mortgage debt, interest and costs, then she would have been entitled to receive the insurance proceeds to the extent necessary to fully satisfy the debt. This, however, was not the case, since the potential claim was lost when the property was sold at the sheriff's sale for an amount sufficient to pay the debt in full. What the Superior Court said in Guarantee Trust and Safe Deposit Company v. Home Mutual Fire Insurance Company, 180 Pa. Superior Ct. 1, p. 7, is apposite:

"The effect of the inclusion of a mortgagee clause in a fire insurance policy in relation to the disposition of the proceeds payable in the event of loss under the policy is well stated in Appleman, Insurance Law and Practice, §3405, as follows: 'A mortgage clause in a fire policy is not, strictly, an assignment of the policy, but is, rather, an agreement between the insurer and the mortgagee as to the disposition of the policy proceeds . . . The purpose of such a provision is

purely to protect the mortgagee's interest, and such interest continues until the mortgage debt is paid . . .' "[4]

Counsel for the use-plaintiff contends, however, that the use-plaintiff is entitled to the insurance proceeds and cites, in support thereof, Keystone Generator Manufacturing Co. v. Eastern Coast Realty Corp., 69 Lack. Jur. 41; Insurance Company of North America v. Alberstadt, 383 Pa. 556; Uhlfelder v. Palatine Insurance Company, Ltd., 97 N. Y. Supp. 499; and Farmers Production Credit Assoc. v. Rauch, 32 D. & C. 2d 477. An analysis of these authorities, however, leads us to the conclusion that they are legally or factually dissimilar from the instant case or, alternatively, support the result herein achieved, since a contrary result would lead to the unjust enrichment of the use-plaintiff who has suffered no loss as a result of the fire, when related to the amount generated by the sheriff's sale.

Accordingly, we enter the following

### ORDER

And now, May 5, 1970, upon consideration of the record and briefs filed on behalf of the respective parties, and after argument, it is ordered, adjudged and decreed that the proceeds of the insurance policies applicable to the subject premises, aggregating $6,100, same having been paid into court pursuant to order of court dated August 27, 1969, be and the same are hereby awarded to the former real owners, Viking Aquatech Pools, Inc., and James J. Cucinotta, and it is further ordered, adjudged and decreed that the sheriff's schedule of distribution filed in this cause be and the same is hereby affirmed and that the exceptions filed thereto which are inconsistent herewith be and the same are hereby dismissed.

---

[4] See also, Taylor v. Seckinger, 199 Pa. Superior Ct. 262.