Edward J. Greenfield, J.
Plaintiff moves for an order directing entry of summary judgment in its favor and for relief pursuant to section 59-a .of the Insurance Law. That branch of the motion seeking relief under the Insurance Law is permitted to he withdrawn in accordance with the request contained on pages 1 and 2 of plaintiff’s reply memorandum of law. Defendant requests summary judgment pursuant to CPLR 3212 (subd. [b]) dismissing the complaint.
The material facts in this action are not in dispute. Plaintiff brought this action to recover a fire loss pursuant to the insurance policy in issue. On June 7, 1968, plaintiff acquired the first mortgage on premises 338 Lott Avenue, Brooklyn, New York. Defendant issued a fire insurance policy covering those premises commencing June 12, 1969, to June 12, 1970. That policy contained a mortgage elapse naming plaintiff as mortgagee.
The owner defaulted on the first mortgage and plaintiff brought a foreclosure action. Plaintiff purchased the premises at the foreclosure sale for $1,000. The referee found a deficiency of $17,113.63. On April 13, 1970, the Referee’s deed dated April 9, 1970, was recorded. Shortly thereafter, on April 29, 1970, a fire occurred causing extensive damage to the premises.
Defendant has refused to pay the loss because plaintiff was the record owner of the premises at the time of the fire and *716 was no longer insured as a mortgagee. This is pleaded as the first affirmative defense and counterclaim.
A second affirmative defense is bottomed on what defendant contends is the plaintiff’s neglect to notify the defendant as to any change of ownership or any increase in hazard that might have come to its knowledge — an obligation presumably set forth in the standard mortgagee clause.
The mortgage clause of the policy provides, inter alia,
“ Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee * * * as interest may appear under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee * * * and this insurance, as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property # * *
‘1 Provided, also, that the mortgagee * * * shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee ”.
The court need not dwell at length on the merits of defendant’s second affirmative defense. All the provisions of the standard mortgagee clause must be read together to ascertain the interest of the parties with respect to the giving of notice. In so doing, the unequivocal expression that there is to be no invalidation of the policy by a foreclosure proceeding instituted by the mortgagee and by a consequent change of ownership is to be noted. The provision relating to notice to be given by the mortgagee of a change of ownership would appear, therefore, to refer to a transfer of property by the mortgagor to some third party. £ £ This follows from the fact that the mortgagee is only required to give notice of such change of ownership ‘ Which shall come to the knowledge of the mortgagee. ’ ” (Binghamton Sav. Bank v. Mt. Vernon Fire Ins. Co., N. Y. L. J., Nov. 13, 1969, p. 2, col. 5.) In other words, the knowledge of the mortgagee would necessarily derive from some outside source. ££ This would indicate a change of ownership other than by foreclosure proceedings instituted by the mortgagee himself” (Montalbano v. Lumbermen’s Ins. Co. of Philadelphia, 144 Misc. 714, 716).
*717 Defendant’s second affirmative defense, therefore, is without merit and must he dismissed.
The mortgage having been foreclosed and a referee’s deed taken some 20 days before the fire, is the defendant relieved of its obligations under the policy because the mortgagee, who is insured “ as its interest may appear ”, has completed its foreclosure and has become the record owner?
It is undisputed that the fire loss occurred at a point in time when the mortgagee had converted the debt owed into property through foreclosure and sale on a bid of $1,000. However, as previously indicated, as a result of the amount bid, a deficiency of $17,113.63 existed, which, upon application of the coinsurance clause after a loss figure was agreed upon, left a recoverable loss of $11,492.30 for which claim is made here. Does the existence of that deficiency or debt preclude the plaintiff, an erstwhile loss-payable mortgagee, now the owner, from collecting the recoverable loss under the fire policy?
While the rights of a loss-payable mortgagee are fixed as to amount and standing to recover at the time of the fire loss, the “ extinguishment of a mortgage * # * by sale of the property at foreclosure does not necessarily extinguish the debt itself. Only to the extent that the mortgagee receives payment upon the debt through the foreclosure is the debt itself extinguished.” (Rosenbaum v. Funcannon, 308 F. 2d 680, 684, quoting from the opinion below.) To the extent that a deficiency exists after foreclosure and sale, the existence of the debt would give an insurable interest to the mortgagee (Whitestone Sav. & Loan Assn. v. Allstate Ins. Co., 28 N Y 2d 332, 335). This insurable interest in the remaining debt is what survives the extinguishment of the mortgage through foreclosure and sale. Conversely, it is the full or partial extinguishment of the debt itself, prior to or subsequent to the loss which precludes to the extent thereof, any recovery by the loss-payable mortgagee (Rosenbaum v. Funcannon, supra). If the debt remains, the insurable interest of the loss-payable mortgagee remains. Whether the possessor of that insurable interest is described as a mortgagee or owner through foreclosure is not determinative per se of the right of that party to collect under the policy. The court is in agreement with plaintiff’s contention that the case of Uhlfelder v. Palatine Ins. Co. (111 App. Div. 57) is not authority for the proposition that the mortgagee’s interest in the policy is extinguished by delivery of the deed.
*718 Accordingly, defendant’s first affirmative defense is dismissed. The counterclaim does not request any other relief or state a cause of action on behalf of the defendant and is therefore dismissed. There being no defense as a matter of law, plaintiff’s motion for summary judgment is granted.