## 52128. HUCKABY v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

WEBB, Judge.

Georgia Farm issued a fire insurance policy to Huckaby insuring a tenant dwelling on acreage owned by him in Fayette County against loss by fire, lightning and other perils from January 10, 1973 to January 10, 1974. By its terms, assignment of the policy was not valid except with the written consent of the insurance company. On April 13, 1973, Huckaby conveyed to Mr. and Mrs. Harbin a part of his lands, including the insured tenant house, and accepted from the purchasers for a part of the purchase price their note and a deed to secure debt reconveying to him the property. He and Harbin agreed that they would continue the insurance coverage under Huckaby's policy until it "ran out" and Harbin paid Huckaby $112.58 in proration of the premium.

On May 19, 1973, the tenant dwelling was destroyed by fire and Georgia Farm refused to make any payment on Harbin's claim. Huckaby then filed suit seeking to collect the insurance proceeds under the policy issued to him prior to the sale. The trial court granted Georgia Farm's motion for summary judgment, finding that Huckaby's interest in the insured property on the date of the loss was solely that of a mortgagee under the deed to secure debt; and that transfer of the insurance policy without consent of the insurer voided the policy. Huckaby appeals and we affirm the judgment below.

Clearly the attempted assignment of the policy to Harbin was invalid. Huckaby did have an insurable interest in the indebtedness which the property secures under Code Ann. § 56-2405 (2). However, in order for him to recover he would have to show he had suffered a loss as the result of a fire within the meaning of Code Ann. § 56-2405 (3). See *Norwich Union Fire Ins. Society v. Bainbridge Grocery Co.,* 16 Ga. App. 432, 434 (85 SE 622). Georgia Farm had the burden of proof on its motion for summary judgment. It established that Huckaby had received full payment under the security deed as those payments became due and Huckaby made no contrary showing. Thus, in the face of this proof the evidence

demanded a finding that the insured had not suffered a loss. *Heimanson v. Meade,* 140 Ga. App. 534 (3).

The failure to show that the obligation under the security deed was diminished by the fire loss requires a judgment for the insurer. Furthermore, in the event a default were to occur and a foreclosure were to take place, Georgia Farm has filed with the trial court a security bond providing that if the fair market value of the property at the time of such foreclosure is less than the amount owed on the promissory note, the deficiency will be paid up to the limit of the face amount of the fire insurance policy.

*Judgment affirmed. Bell, C. J., Quillian, P. J., Clark, Stolz, Marshall and McMurray, JJ., concur. Deen, P. J., dissents. Smith, J., not participating.*

ARGUED MAY 5, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED NOVEMBER 19, 1976 — 

*Charles T. Ballard,* for appellant.
*Donald M. Fain, Michael J. Gorby,* for appellee.

DEEN, Presiding Judge, dissenting.
I respectfully dissent on the following grounds:
1. Under Code § 56-2405 (2) plaintiff has an insurable interest if he has any "substantial economic interest in the safety or preservation" of the property. It cannot be denied that when I hold a security deed to property I have an interest in its preservation.
2. Under Code § 56-2405 (3) the *measure* of my interest (as opposed to its existence) is the "extent to which [I] *might* be damnified by [its] loss." Judge Webb's opinion presumes that I have to show I *would* be financially injured, but this isn't what the Code section says. It says that the amount of loss I *might* suffer is, in effect, my measure of damages. Under general law, failure to allege an exact, or even a correct, measure of damages will not result in dismissal of an action. The defect is amendable, or curable by proof on trial.
3. I think in my own policy my insurable interest continues even though I have exchanged a warranty deed for a deed to secure debt, not for the full amount, but for

the amount I *might* be damaged. The loser, of course, is the buyer, who gets no benefit from the seller's insurance.

4. Under the oft-quoted case of *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) a summary judgment may not be granted unless "giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law."

If this were an appeal from the judgment on the trial of the case the situation would be different, but what we have here is a summary judgment in favor of the insurer finding that it has no liability to the plaintiff. The insurer contends that although a sum greater than the fire loss is still owing on the debt under which the plaintiff retains legal title, the plaintiff *cannot* be injured by such a judgment because so far the new equitable owner has continued making payments, and further the insurer has posted a bond for any balance due "should Maurice Harbin or his wife, Helen S. Harbin, default on a promissory note and a certain deed to secure debt . . . and should Herman Huckaby then proceed to foreclose the property and should the fair market value of said property as foreclosed not equal the amount then due" to pay any deficiency. It is obvious in the first place that the mere occurrence of any of these contingencies would result in injury and impairment of the security interest held by the plaintiff, since it would render a debt due on maturity a chose in action subject to litigation, loss of time, and legal fees and expenses. Furthermore, the *mere* posting of a bond is completely useless here: The court did not in his order recognize its existence or make the judgment contingent on its validity. The principal and surety on the bond might well contest payment thereon, and might well win, since summary judgment in favor of the insurer at this point is an ultimate adjudication that there is *no* liability on the insurer to its insured. This in itself wipes out a contingent future liability, in the event the purchaser does not pay the notes.

The only point in this case is whether the policy in toto is void or not. The insurer contended that it was.

Summary judgment in its favor establishes this point. This court holds that position to be in error. Therefore, to the extent of the title and interest remaining in the plaintiff, the plaintiff is still an *insured,* and cannot be removed from that position by the mere fact that the insurer has privately posted some indemnification bond in the event he fails to collect from others at some future time, by suit or otherwise. The majority opinion now takes the view that Huckaby, the insured did at the time of the fire have an insurable interest in the property to the extent of the indebtedness covered by the deed to secure debt (which retained a legal title to the real estate in the insured) but that to recover he "would have to show that he had suffered a loss."

This misses the mark. The loss which the policy of insurance by its terms covers is a *fire* loss, or, in the policy language, "nor in any event for more than the interest of the insured, against all direct loss by fire." Considering the plaintiff the insured, his loss is that part of the fire loss representing his pecuniary interest in the property. He is insured to this extent as the possessor of the legal title. But, if he be considered to have only the rights of a mortgagee, the fact that a debt is due him has no effect on the liability to pay insurance. "[T]he rights of the mortgagee are considered to be determined as of the time of the loss. . ." 5A Appleman, Insurance Law and Practice, 299, § 3403, citing Rosenbaum v. Funcannon, 308 F2d 680; Sea Isle Operating Corp. v. Hochberg, 198 S2d 336; Minniefield v. Consolidated Lloyds, 316 SW2d 428; Lutheran Brotherhood v. Hooten, 237 S2d 23; Equitable Life Assur. Society of the U. S. v. Great Atlantic Ins. Co. of Del., 330 NYS2d 840. And it is well established that where mortgaged premises are damaged by fire covered by a policy, the mortgagee as an insured named in the policy has the right to retain the insurance proceeds to the extent that they do not exceed the mortgage debt. Hadjis v. Anderson, 271 A2d 350 (1) et cit.

Either the entire policy is void or it is not. Here, the majority and minority opinions agree that it is not void, but enforceable by the named insured to the extent of his insurable interest. Therefore, whether the mortgage debt is due or not, and whether the insured be considered an

owner or a mortgagee, he is entitled to the proceeds of the fire loss to the extent of his interest in the property as governed by the unpaid balance on the security deed.

Summary judgment in favor of the insurer was error.