## 62545. ALLSTATE INSURANCE COMPANY v. AMMONS.

QUILLIAN, Chief Judge.
This appeal involves plaintiff's action for recovery for a fire loss under the terms of a homeowner's insurance policy issued by the defendant. The controversy arose out of the following factual situation.

The plaintiff was the sole owner of the house at the time he obtained a homeowner's policy from the defendant insurer. The policy insured the house in the amount of $37,000. Subsequently the plaintiff and his wife divorced. As a part of their settlement agreement the following provisions were included: "The parties hereto further agree that the plaintiff, KAREN DUNN AMMONS

shall have a one-half undivided interest in the real estate that is described in her notice of lis pendens and the parties further agree that they shall privately attempt to sell the aforesaid described real estate with a house located thereon at a sales price of Forty-five Thousand ($45,000.00) for a period of ninety (90) days. That should said property not be sold at the expiration of ninety (90) days, that it will be listed with a reputable real estate agent at said price of Forty-five Thousand Dollars ($45,000.00) until sold. It is specifically agreed between the parties that said property will not be sold at a figure less than Forty-five Thousand Dollars ($45,000.00) unless same is mutually agreed upon. At such time as said property is sold the money shall be allocated as follows: A) Payment of the mortgage in favor of Farmers Home Administration; B) All taxes on said property shall be paid; C) Payment of the expenses of sale; and, D) The remaining portion thereof divided equally between the parties hereto. It is further agreed that the Defendant JAMES S. AMMONS, SR., shall have the right of the use and possession of the property as is described in Plaintiff's notice of lis pendens and that said Defendant shall be responsible for the making of all payments in favor of Farmers Home Administration as they become due." The insurance policy was not modified in any manner to reflect the changed status. Afterwards, a fire destroyed the house in question.

The plaintiff's suit as originally cast against the defendant sought to recover the entire $37,000. The defendant's answer denied the essential averments of the complaint and asserted that, since the plaintiff owned no more than a 50% interest in the property at the time of loss and there was an existing mortgage on which the plaintiff was obligated for approximately $25,000, the plaintiff's insurable interest did not exceed the amount of the outstanding indebtedness and this was the total amount owed by the defendant under the insurance policy.

The plaintiff moved for a partial summary judgment on the amount admittedly owed. This motion was granted and judgment entered for the plaintiff in the amount of $25,432.27. The plaintiff then moved for summary judgment on the grounds that he had an insurable interest in the property for the balance up to $37,000. The defendant subsequently moved for a summary judgment on the ground that there remained no genuine issue of material fact.

The matter of the two motions having been presented for the determination, the trial judge entered an order which provided: "The extent of the insurable interest is a question of fact. It is, therefore, considered, ordered and adjudged that the defendant's Motion for Summary Judgment be denied, and that the plaintiff's motion is sustained only to the extent of ruling that he does have an insurable

interest."

The defendant insurer appeals and urges in its enumerations of error that the trial court committed error: 1) in granting summary judgment to plaintiff; 2) in denying defendant's motion for summary judgment; and 3) in denying summary judgment on plaintiff's claims for attorney fees and penalties under Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712). *Held:*

1. Code Ann. § 56-2405 provides: "No insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured. 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof." (Ga. L. 1960, pp. 289, 658.)

The principles applicable here have been enunciated in our cases on this subject. As set forth in *American Reliable &c. Ins. Co. v. Woodward,* 143 Ga. App. 652 (1) (239 SE2d 543): "Title is not the sole test for determining an insurable interest. *Gordon v. Gulf Am. Fire &c. Co.,* 113 Ga. App. 755, 760 (2) (149 SE2d 725) (1966). 'It is sufficient if the insured holds such a relation to the property that its destruction by fire would result in pecuniary loss to him. "The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against." ' " See *Shield Ins. Co. v. Kemp,* 117 Ga. App. 538 (2) (160 SE2d 915); *Ga. Farm Bureau Mut. Ins. Co. v. Mikell,* 126 Ga. App. 640 (1) (191 SE2d 557).

The crucial issue relative to recovery is what loss the plaintiff suffered as a result of the fire. *Huckaby v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 493 (231 SE2d 378). In the case sub judice although the plaintiff technically had a one-half undivided interest in the property he was entitled to one-half of the proceeds up to $45,000 after the sale of the property less the sum due on the mortgage, taxes on the property and expenses of sale. Assuming that the value of the land was $8000, the plaintiff had an insurable interest in one-half of the proceeds after deduction of the enumerated expenses from $37,000. In short, as a result of the fire, the plaintiff did suffer a pecuniary loss in excess of the sum owed on the mortgage. To that extent he has an insurable interest in the property and the trial judge correctly so ruled.

It was not error to grant plaintiff's motion for summary judgment in part and to deny defendant's motion.

2. The defendant contends that the trial judge should have granted a partial summary judgment in its favor eliminating the issue of attorney fees and bad faith penalties sought by the plaintiff.

The defendant's motion sought summary judgment as to the entire case and that was the basis on which a ruling was obtained. The relief now requested in this court, a partial summary judgment on one issue, was neither requested nor passed upon in the court below. *Gore v. Davis,* 243 Ga. 634 (3) (256 SE2d 329).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER, 30, 1981.

*Robert C. Semler,* for appellant.
*E. Crawford McDonald,* for appellee.