### 64238. ALLSTATE INSURANCE COMPANY v. AMMONS.

QUILLIAN, Chief Judge.

This is an appeal from a verdict and judgment for Ammons in an action to recover from Allstate on a policy of insurance for a fire loss on a house in which he owned an undivided half interest.

In *Allstate Ins. Co. v. Ammons,* 160 Ga. App. 257 (286 SE2d 765) we affirmed the trial court's summary judgment that Ammons had an insurable interest in the house destroyed by fire. That opinion sets out the facts of the case and also set forth a formula by which Ammons' loss was to be calculated.

Thereafter, the case proceeded to trial to determine the amount of Ammons' loss. Evidence of the value of the property at the time of the loss was presented as well as the amount that had been paid to the mortgagee, the value of the land, taxes and other expenses.

Over objection, Ammons was also permitted to present evidence of the value of his loss of use and possession of the house although he had already been paid additional living expenses for loss of use under the policy. Allstate's motions for directed verdicts were denied and the court instructed the jury that Ammons could recover not only for the value of his undivided half interest in the house, but also for the

value of his ex-wife's use and possession of the house which she had given up until the house sold pursuant to a divorce settlement agreement. The total of the verdict was not to exceed the maximum coverage on the house of $37,000. In addition to awarding attorney's fees of $4,000, the jury's verdict was that Ammons' total loss was $37,000 and that his share of the equity in the house was $11,552, upon which judgment was entered. $11,552 was the approximate difference between the maximum limits of the policy and the amount paid to the mortgagee and at least twice as much as Ammons would have been entitled to under the formula set forth in our prior opinion in the case. Allstate appeals the denial of two motions for directed verdicts. *Held:*

1. Allstate moved for a directed verdict on Ammons' claim to recover for loss of use and possession of the property. The trial court granted the motion as to Ammons' right to use and possession but denied it as to the value of Ammons' ex-wife's right to use and possession. The court opined that the ex-wife's right of use and possession had some value and since she had given up that right, it inured to Ammons' benefit as an insurable interest.

We do not agree and reverse.

Each co-owner in a tenancy in common has the right to the use and possession of the entire property, subject to the rights of his co-tenants. Code Ann. § 85-1001 (Ga. L. 1976, pp. 1388, 1400 as amended through 1980, p. 754); *Fountain v. Davis,* 71 Ga. App. 1 (2) (29 SE2d 798); *Morden v. Mullins,* 115 Ga. App. 92 (4), 94 (153 SE2d 629); 20 AmJur2d 126, Cotenancy and Joint Ownership, § 34.

If Ammons as a tenant in common with his ex-wife had the right to full use and possession of the entire property, his ex-wife's surrender of her similar right to full use and possession did not give Ammons any greater right to use and possession than he already had. Therefore, Ammons was not entitled to any compensation for his ex-wife's right to use and possession and the trial court should have directed a verdict to that effect.

2. Appellant's motion for directed verdict on the issue of attorney's fees, which the jury awarded, was also denied.

Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712) provides that if an insurer's refusal to pay on the policy within 60 days after demand for payment is made, and a finding is made that refusal to pay was in bad faith, the insurer shall be liable for all reasonable attorney's fees.

We find in this case that a doubtful question of law was involved, and that Allstate was legally justified in litigating the issue. Therefore, we hold as a matter of law that Allstate is not liable for the bad faith penalties of Code Ann. § 56-1206, supra. *Ga. International*

*Life Ins. Co. v. Harden,* 158 Ga. App. 450 (2) (280 SE2d 863); *American Interstate &c. Co. v. Revis,* 156 Ga. App. 204 (2) (274 SE2d 586); *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263 (1) (253 SE2d 745).

*Judgment reversed. Shulman, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1982.

*Robert C. Semler, Brian A. Boyle,* for appellant.
*E. Crawford McDonald,* for appellee.