## 64104. ALLSTATE INSURANCE COMPANY v. THOMPSON.

SOGNIER, Judge.

Gerald Thompson sued Allstate Insurance Company to recover for fire loss under the terms of a homeowner's insurance policy. The jury returned a verdict in favor of Thompson and Allstate appeals.

The policy in question was purchased by Thompson as the sole owner of the house and he insured the house in the amount of $31,000. Subsequently, Thompson and his wife were divorced, and pursuant to the divorce decree, he conveyed to her one-half of his interest in the house. As a part of the Thompsons' separation agreement the parties agreed to sell the property at fair market value upon certain stated events, and to divide the proceeds equally. Both Thompson and Ms. Thompson had first option to buy the interest of the other party. Ms. Thompson and their son had possession of the house, but Thompson was liable for and made mortgage payments on the outstanding indebtedness of $11,000. Ms. Thompson was not listed as a named insured on the policy, nor was Allstate notified of the conveyance. The house was completely destroyed by fire. Allstate paid Thompson $15,000 for the house but informed Thompson that his former wife's one-half interest was not covered by the insurance. Thompson sued to recover the remaining one-half interest. The jury's verdict awarded Thompson $15,500 for the house. Allstate contends that the trial court erred by failing to direct a verdict in its favor because Thompson did not have an insurable interest in Ms. Thompson's one-half interest in the house. The Standard Fire Policy in the

contract of insurance provided that "... this Company does insure ... THE INSURED NAMED IN THE DECLARATIONS ..., to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property ... *nor in any event for more than the interest of the insured,* against all DIRECT LOSS BY FIRE...." Thus, appellant argues that Thompson was entitled only to an amount equal to *his* interest in the house.

This court has recently discussed the issue of an insurable interest in a case factually similar to the instant case. See *Allstate Ins. Co. v. Ammons,* 160 Ga. App. 257, 259 (286 SE2d 765) (1981). In *Ammons,* Chief Judge Quillian stated the applicable law as follows: "Code Ann. § 56-2405 provides: 'No insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured. "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.' (Ga. L. 1960, pp. 289, 658).

"The principles applicable here have been enunciated in our cases on this subject. As set forth in *American Reliable &c. Ins. Co. v. Woodward,* 143 Ga. App. 652 (1) (239 SE2d 543): 'Title is not the sole test for determining an insurable interest. *Gordon v. Gulf Am. Fire &c. Co.,* 113 Ga. App. 755, 760 (2) (149 SE2d 725) (1966). "It is sufficient if the insured holds such a relation to the property that its destruction by fire would result in pecuniary loss to him. 'The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against.' " ' See *Shield Ins. Co. v. Kemp,* 117 Ga. App. 538 (2) (160 SE2d 915); *Ga. Farm Bureau Mut. Ins Co. v. Mikell,* 126 Ga. App. 640 (1) (191 SE2d 557)." Id. at p. 259.

Whether or not Thompson had an insurable interest in Ms. Thompson's one-half interest in the property depends on whether Thompson suffered a pecuniary loss over and above his one-half interest in the property as a result of the fire. See *Ammons,* supra; *Huckaby v. Ga. Farm &c. Ins. Co.,* 140 Ga. App. 493 (231 SE2d 378) (1976). Allstate argues that since the outstanding mortgage on the property was only $11,000 and had been paid in full by Thompson, and Allstate's payment to Thompson was $15,500, Thompson was no

longer indebted on the mortgage and suffered no further loss. Thompson contends that he suffered loss in addition to the loss of his own one-half interest as a result of the fire and that it was a jury question as to the amount of his damages. Appellee bases his argument on the fact that he had an option to purchase Ms. Thompson's one-half interest and that he had made all the mortgage payments on the house as a way of providing a home for his son.

We find this case controlled by our recent decision in *Allstate Ins. Co. v. Ammons,* 163 Ga. App. 385 (294 SE2d 610) (1982) wherein we reversed a jury verdict in favor of the insured and held that Ammons was not entitled to any compensation for his ex-wife's interest in the house. Here appellee argues that his option to purchase the one-half interest in the house gives him an insurable interest in his ex-wife's interest. We do not agree. " 'An option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land itself.' " *Reeve v. Hicks,* 197 Ga. 181, 185 (28 SE2d 649) (1944).

However, our inquiry does not end here. "The crucial issue relative to recovery is what loss the plaintiff suffered as a result of the fire. *Huckaby v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 493 (231 SE2d 378)." *Allstate Ins. Co. v. Ammons,* (1981) supra. at 259.

According to *Ammons,* the insured has an interest in one-half of the proceeds of the entire amount insured ($31,000) after deduction of the amount owed on the mortgage ($11,000). Id. at 259. Chief Judge Quillian reiterated this formula in the second *Ammons* case but held that the insured was awarded too much: ". . . the jury's verdict was that Ammons' total loss was $37,000 and that his share of the equity in the house was $11,552, upon which judgment was entered. $11,552 was the approximate difference between the maximum limits of the policy and the amount paid to the mortgagee and *at least twice as much as Ammons would have been entitled to under the formula set forth in our prior opinion in the case."* (Emphasis supplied.)

Thus the formula provided for in both *Ammons* cases is that the insurer is to pay one-half of the insured's interest in the house *after* expenses. Since the insured was obligated on the mortgage for $11,000 at the time of the loss and since the house was insured for $31,000, Thompson is entitled to one-half of the difference between these two figures or approximately $10,000. He received $15,500 from Allstate prior to trial from which *he* paid the $11,000 mortgage leaving him only $4,500. According to the formula set out in *Ammons* we think he is entitled to approximately $5,500 more from the insurance company. However, we reverse the jury verdict and remand the case to the trial court on the issue of damages.

*Judgment reversed and remanded for further proceedings not*

*inconsistent with this opinion. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1982.

Brian A. Boyle, Robert C. Semler, for appellant.
Donald G. Loggins, for appellee.