Carol E. FORBUS

v.

ALLSTATE INSURANCE COMPANY.

Civ. A. C84–29N.

United States District Court,
N.D. Georgia,
Newnan Division.

Dec. 21, 1984.

**114**

David B. Kitchens, R. Dennis Withers, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiff.

Dennis J. Webb, Brian A. Boyle, Dennis, Corry, Webb & Carlock, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on motions for partial summary judgment by both the plaintiff and the defendant. Plaintiff has also made a motion *in limine.* In March 1983 the plaintiff's home was destroyed by fire. At the time of the fire, the plaintiff was insured under a policy issued by defendant. One of the insurance company's defenses is that the fire might have been caused by arson. Plaintiff moves for summary judgment on the issues of whether plaintiff has a full insurable interest in the damaged property and whether defendant established an arson defense. Defendant opposes these motions and in turn moves for summary judgment on the issue of bad faith penalties and attorney's fees.

### Insurable Interest

Plaintiff initially asks for summary judgment on the issue of whether she has a full insurable interest in the property under the insurance policy. Defendant concedes that plaintiff has some insurable interest in the property but contends plaintiff is not entitled to the face amount of the Allstate policy for two reasons. First, defendant argues that because plaintiff owes her ex-husband $23,000 under a divorce decree, and plaintiff intended to repay the majority of that debt from the proceeds of the sale of her house, her ex-husband has an interest in the house. This argument is unpersuasive. Under the divorce decree plaintiff received complete title to the house. Plaintiff has no legal duty to pay the money to her ex-husband from the proceeds of any sale of the property. The cases of *Allstate Ins. Co. v. Ammons,* 160 Ga.App. 257, 286 S.E.2d 765 (1981) and *Allstate Ins. Co. v. Thompson,* 164 Ga.App. 508, 297 S.E.2d 520 (1982) are inapposite on this point as in those cases the divorce decree specifically granted both spouses an interest in the property. Such is not the situation in this case. Defendant asks this court to look beyond the language of the divorce decree

to determine the intent of the parties, however the language is clear and the court need look no further to determine the interests conveyed. *Undercofler v. Whiteway Neon Ad., Inc.,* 114 Ga.App. 644, 152 S.E.2d 616 (1966).

█ Defendant also relies on *Ammons* and *Thompson* for the proposition that because plaintiff attempted to sell her property before the fire, she is limited to that sale price as the amount of her insurable interest. *Ammons* and *Thompson* involved divorce settlements in which as part of the settlement the spouses contracted to sell their property either for a minimum price or at fair market value. The Georgia Court of Appeals in those cases limited the insurable interest to the price established in the divorce decree. In the present case because plaintiff has independently contracted to sell her property, defendant asserts that plaintiff is also limited to that value as insurable interest.

The facts of this case are distinguishable. In the *Ammons* and *Thompson* cases the divorce decree determined what each party's interest was in the property. Here there is an agreement with a third party, which, based on prior dealings between the parties, is unlikely to materialize. No value on plaintiff's house was determined in the divorce decree. In fact in the *Thompson* case, where the decree ordered a sale but not a fixed price, the court used the policy limits to determine insurable interest.

Even if the facts of this case were determined to be indistinguishable from the cases cited by defendant, the cases would not be controlling as there is a statute directly on point. The Georgia Valued Policy Statute, O.C.G.A., § 33–32–5 states that whenever any insured residential building is wholly destroyed by fire "the amount of insurance set forth in the policy relative to the building or structure shall be taken conclusively to be the value of the property except to the extent of any depreciation in value occurring between the date of the policy or its renewal and the loss." The insurance policy in question explicitly provides that any policy provisions in conflict with state statutes are amended to conform to such statutes.

None of the cases defendant cites discusses this provision. Indeed, this court has not been able to discover and counsel has not directed the court to any Georgia cases that addressed this issue. However, numerous other jurisdictions have uniformly held that when a state has a value policy law an insured with a possible ownership less than the whole policy limits may recover the entire policy amount under such a statute. *See Dewitt v. American Family Mutual Insurance Company,* 667 S.W.2d 700, 707 (Mo.1984); *Smith v. Nationwide Mutual Fire Insurance Company,* 564 F.Supp. 350 (N.D.Fla.1983); *Holden v Hanover Fire Insurance Company,* 128 F.Supp. 527 (W.D.S.C.1955); *Hilltop Bowl. Inc. v. USF & G Company,* 259 F.Supp 649, 653 n. 14 (W.D.La.1966); *Roberts v. Houston Fire and Casualty Company,* 168 So.2d 457 (C.A.La.1964); *Tedford v. Security State Fire Insurance Company,* 224 Ark. 1047, 278 S.W.2d 89 (1955); *Hensley v. Farm Bureau,* 243 Ark. 408, 420 S.W.2d 76 (1967); *Board of Trustees v. Cream City Mutual Insurance Company,* 255 Minn. 347, 96 N.W.2d 690, 695 (1959); *Hight v. Maryland Ins. Co.,* 69 S.D. 320, 10 N.W.2d 285 (1943); *Bright v. Hanover Insurance Company,* 48 Wash. 60, 92 P. 779 (1907). While these cases are helpful, they are not decisive as this court must consider how this statute would be interpreted by Georgia courts. This court is of the opinion that a Georgia state court alerted to this statute would enforce its provisions Until an indication is given to the contrary this court concludes that the valued policy statute controls and that plaintiff is entitled to summary judgment on this issue.

### Arson Defense

█ The plaintiff asserts that the defendant, as a matter of law, is unable to establish the elements required to successfully assert an arson defense to the policy. While the question of arson is usually decided by the jury, where the evidence is

insufficient to raise even an inference of arson, under Georgia law summary judgment is appropriate. *Southern Trust Company v. Braner,* 169 Ga.App. 567, 314 S.E.2d 241 (1984). Plaintiff refers this court to the three-part test enunciated in *Southern Trust* at 568, 314 S.E.2d 241, that defendant must show incendiary origin, motive by the suspect, and unexplained surrounding circumstantial evidence implicating the suspect in order to establish an arson defense. Defendant refers this court to another Georgia case, *Fortson v. Cotton States Mutual Insurance Company,* 168 Ga.App. 155, 308 S.E.2d 382 (1983), for its three-part test, on what is necessary in order to establish an arson defense.

■ An examination of Georgia law in this area does not indicate which formula should be followed. The two cases were decided four months apart by different panels of the Georgia Court of Appeals. The later decision, *Southern Trust,* does not refer to the earlier one. Neither *Southern Trust* nor *Fortson* cite prior Georgia authority in support of the wording of its formula. Previous cases blur any distinction the two formulas appear to possess. *See, e.g., Rollins v. Great Southwest Fire Insurance Company,* 162 Ga.App. 139, 290 S.E.2d 353 (1982). Whether phrased as "opportunity" (the *Fortson* language) or "unexplained circumstantial evidence" the Georgia courts are insisting that evidence of incendiary origin and motive by themselves are not sufficient to establish an arson defense; there must be in addition some evidence which would link the suspect to the arson.

The evidence presented thus far is that the fire occurred during the middle of the night and was probably of incendiary origin. Cans of charcoal lighter fluid were kept in the house although plaintiff gives conflicting testimony as to the quantity. Plaintiff was at home that evening as were her children. Plaintiff's and her son's testimony conflict over the location and progress of the fire. It is unclear whether there were any pets inside when the fire began and whether any personal belong-

ings had been removed. The automobile was left in the carport. Plaintiff had been trying to sell the house since June 1981 as she was out of work and concerned about her bills. She owes her ex-husband $23,-000. Plaintiff had one offer on her house but a sales contract had not been completed. The insurance value exceeded the sales price. Plaintiff does not know of any person who would have reason to burn the house.

■ Viewing the evidence presented in the light most favorable to the party opposing the motion, the court cannot say that as a matter of law defendant has not raised even an inference of arson. There is evidence of incendiary origin and some evidence of motive. Although there is no direct evidence linking plaintiff to the cause of the fire, there is circumstantial evidence of opportunity and a number of inconsistencies in plaintiff's testimony as to the events in question. Summary judgment on this issue at this time is improper.

### Bad Faith

■ Defendant moves for summary judgment on plaintiff's claim of bad faith penalties and attorney's fees under O.C. G.A. § 33-4-6. The issues of bad faith penalties and attorney's fees are generally resolved by the jury. *National Casualty Company v. Tanner,* 100 Ga.App. 618, 112 S.E.2d 232 (1959). Penalties though are not authorized where the insurance company has any reasonable ground to contest the claim. *Fortson, supra* 168 Ga.App. at 158, 308 S.E.2d 382.

It appears that a reasonable dispute exists as to whether arson destroyed plaintiff's property. Nevertheless "the faith of the company should not be judged by the preliminary proofs or other *ex parte* affidavits but at the case made at trial." *Interstate Life & Acc. Ins. Co. v. Williamson,* 220 Ga. 323, 325, 138 S.E.2d 668 (1964). Defendant's motion is therefore denied.

Plaintiff's motion *in limine* seeks certain rulings on evidentiary questions concerning the price offered to purchase the

dwelling prior to the fire and the effect of that on the defendant's liability under the insurance policy. Defendant has not responded to this motion. In light of the court's ruling granting plaintiff summary judgment on the insurable interest question, the motion appears moot. If the issue is still relevant, counsel for plaintiff is directed to resubmit the motion to which defendant will respond within ten days.

In summary, plaintiff's motion for partial summary judgment as to the issue of insurable interest is granted; all other motions for summary judgment by either party are denied.