The STATE OF IDAHO, Plaintiff,

v.

The BUNKER HILL COMPANY, a Delaware corporation; Pintlar Corporation, a Delaware corporation; Gulf Resources & Chemical Corporation, a Delaware corporation; and John Does 1 to 500, Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, Third-Party Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY and The Home Indemnity Company, Third-Party Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, and Pintlar Corporation, Third-Party Plaintiffs,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK; Pacific Insurance Company; Continental Re-Insurance Corporation; First State Insurance Company; Northwestern National Insurance Company, Northwestern National Casualty Company; Admiral Insurance Company; The Insurance Company of the State of Pennsylvania; and Pacific Indemnity Company (Chubb), Third-Party Defendants.

PINTLAR CORPORATION, Third-Party Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON, Third-Party Defendant.

AETNA CASUALTY AND SURETY COMPANY, Third-Party Plaintiff,

v.

FIRST STATE INSURANCE COMPANY, Northwestern National Insurance Company, and Northwestern National Casualty Company, Third-Party Defendants.

CONTINENTAL RE–INSURANCE CORPORATION, a California corporation;

New York merely because the estate can recover damages in a wrongful death action).

Pacific Insurance Company, a California corporation; and Fidelity & Casualty Company of New York, a New York corporation, Third-Party Plaintiffs,

v.

FIRST STATE INSURANCE COMPANY, Northwestern National Insurance Company, and Northwestern National Casualty Company, Third-Party Defendants.

PINTLAR CORPORATION, Third-Party Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant.

AETNA CASUALTY & SURETY CO., a corporation, Plaintiff,

v.

GULF RESOURCES & CHEMICAL CORPORATION, a Delaware corporation; The Bunker Hill Company, a Delaware corporation; Pintlar Corporation, a Delaware corporation, Defendants.

CONTINENTAL RE–INSURANCE CORPORATION, a California corporation; Pacific Insurance Company, a California corporation; Fidelity & Casualty Company of New York, a New York corporation; and Northbrook Insurance Company, an Illinois corporation, Plaintiffs,

v.

The BUNKER HILL COMPANY, a Delaware corporation; and Gulf Resources & Chemical Corporation, a Delaware corporation, Defendants.

Civ. Nos. 83–3161, 84–3071 and 84–1155.

United States District Court, D. Idaho.

June 5, 1987.

Jim Jones, Atty. Gen., P. Mark Thompson, Deputy Atty. Gen., Chief, Administrative Law & Litigation Div., Boise, Idaho, Sheila Glusco Bush, Deputy Atty. Gen., Administrative Law & Litigation Div., for the State.

William F. Boyd, Fred M. Gibler, Charles L.A. Cox, Evans Keane Koontz Boyd & Ripley, Kellogg, Idaho, James P. Keane, Evans Keane Koontz Boyd & Ripley, Coeur d'Alene, Idaho, for Bunker Hill, Pintlar, Gulf Resources.

R.B. Kading, Jr., Scott D. Hess, Warren Jones, Eberle Berlin Kading Turnbow & Gillespie, Boise, Idaho, for Pacific Indemnity, Aetna Casualty.

R.B. Rock, Robert B. Luce, Kristi Emig-Mark, Moffatt Thomas Barrett & Blanton, Boise, Idaho, for Home Indem. Co.

John P. Howard, Marc A. Lyons, Quane Smith Howard & Hull, Boise, Idaho, for

Fidelity & Cas. Pacific Ins., Continental Re-Insurance, Northbrook Ins.

Richard C. Mellon, Jr., D. Alan Kofoed, Elam Burke & Boyd, Boise, Idaho, for First State Ins., Northwestern Nat'l Ins., Northwestern Nat'l Cas.

Howard Humphrey, Clemons Cosho & Humphrey, Boise, Idaho, Frank R. Morrison, Jr., Bassett & Morrison, Seattle, Wash., for The Insurance Co. of Pennsylvania.

James B. Lynch, Scott W. Marotz, Charles R. Clark, Imhoff & Lynch, Boise, Idaho, for Admiral Ins.

James P. Barber, Ray L. Wong, William J. Casey, Hancock Rothert & Bunshoft, San Francisco, Cal., Gardner W. Skinner, Jr., Robert D. Lewis, Cantrill Skinner Sullivan & King, Boise, Idaho, for Underwriters at Lloyd's, London—Jervois.

## ORDER

RYAN, District Judge.

Numerous motions are currently pending before the court in this matter. First, Gulf Resources & Chemical Corporation (Gulf) and Pintlar Corporation have filed with the court a Motion for Relief from Order. In count three of the amended third-party complaint, Gulf and Pintlar alleged the tort of bad faith against various insurers. In this court's decision filed September 2, 1986, 647 F.Supp. 1064, in attempting to construe Idaho law, the court held that the State of Idaho did not recognize an independent tort for bad faith separate and distinct from contractual remedies. Accordingly, the court dismissed count three of the amended complaint alleging a claim for the tort of bad faith against the various insurers.

By the instant motion, Gulf and Pintlar request that the court reinstate count three of the amended complaint in light of the Idaho Supreme Court's decision in *White v. Unigard Mutual Insurance Co.,* 112 Idaho 94, 730 P.2d 1014 (1986). In *White,* the court held that an action for bad faith against an insurer exists under the common law in the State of Idaho. This court is constrained to follow the latest pronouncement of Idaho law. Gulf and Pintlar's Motion for Relief from Order will be granted.

In this court's prior order, the decision to dismiss the claim for bad faith was based upon a determination that the cause of action did not exist. The court did not address whether the facts and circumstances relative to the various insurers could support a claim for bad faith. The arguments of Aetna Casualty and Surety Company (Aetna), Pacific Indemnity Company, and Insurance Company of the State of Pennsylvania (Penn) in response to Gulf and Pintlar's motion that the facts do not support a claim for bad faith are better left for motions for summary judgment on the issue. Obviously, the court is reluctant to invite yet more motions in this action, but will entertain those properly placed before the court.

The court recently penned the following observations:

One casualty in the recognition of the tort of bad faith by the state may well be summary judgment. Bad faith connotes a state of mind, which inherently and nearly always avoids summary dismissal in deference to jury determination. Seemingly, this potentially staggering claim can only be judicially reviewed after the evidence is presented and upon motion for directed verdict. As stated in *Forbus v. Allstate Insurance Co.,* 603 F.Supp. 113 (N.D.Ga.1984), "the faith of the company should not be judged by the preliminary proofs or other *ex parte* affidavits but at the case made at trial." *Id.* at 116. Similarly, in *Kriz v. Government Employees Insurance Co.,* 42 Or. App. 339, 600 P.2d 496 (1979), it is stated that, "[i]t was not the trial court's function, and it is not our function, to decide issues which are essentially factual, like negligence or bad faith, or issues of credibility. Those are issues for trial." *Id.* 600 P.2d at 501. Recognition of this cause of action, easily pled, may become a very real stumbling block to settlement of pending litigation. However, this federal court, sitting in diversity, must abide by that law as pronounced by the highest

court of the State. Lamentably, an inference of bad faith can almost always be suggested by the merest of showing that the insurer's conclusions leading to the denial of the claim, are or may be incorrect or that the insured's investigation was not complete in all details.

*State Farm Fire & Casualty Co. v. Trumble,* — F.Supp. —, ——-—— Civil No. 86–3035 (D. Idaho May 1, 1987) at 8–9.

The court, however, maintains the power and authority to impose sanctions for the filing and prosecution of frivolous claims. The parties should look closely at the reasonableness of pursuing claims such as a tort of bad faith, especially upon review of materials obtained during discovery. In this case, Gulf and Pintlar have agreed to dismiss their claim of bad faith against Aetna and Continental Re-Insurance Corporation (Continental) for the period prior to July 24, 1985. In Gulf and Pintlar's reply to Aetna, Pacific Indemnity, and Penn's Motion for Relief from Order, Gulf and Pintlar state:

Aetna's concern must be for the period after July 24, 1985. But it is difficult to imagine what facts cause the concern, since Aetna has paid defense costs as required by the non-waiver agreement and has a decision that it owes no duty of indemnification to the insureds for the underlying lawsuit by the State of Idaho.

Reply to Aetna, Pacific Indemnity, and Penn Re: Motion for Relief from Order, filed May 1, 1987, at 4.

Gulf and Pintlar do not take the next step of dismissing all claims for bad faith against Aetna and Continental. The above-quoted statement leaves the court with the impression that upon reinstatement of count three of the amended complaint, Gulf and Pintlar should strongly consider voluntary dismissal of the claim as to Aetna and Continental. If, as intimated, pursuit of such a claim would be frivolous or unreasonable, then such pursuit risks an award of attorney's fees and costs as sanctions. It is not, at this juncture, however, for the court to dismiss the bad faith claims against Aetna and Continental, or any other insurer, and the issue must be left for a later day upon proper presentation.

As noted above, the court is herein recognizing that the tort of bad faith exists under the law of the State of Idaho and is reinstating count three of the amended complaint of Gulf and Pintlar, but is making no determination whether the claim is supportable as to any of the various insurers. In their Memorandum in Opposition to Motion for Relief from Order, filed February 25, 1987, Aetna and Pacific Indemnity refer to purported settlement negotiations occurring between Pintlar, Gulf and several of the insurance companies. The context of the negotiations is noted primarily at the bottom of page 17 and at the top of page 18 of the brief, and the purported offer of Pacific Indemnity is mentioned elsewhere. On March 4, 1987, Penn filed with the court a motion to strike a portion of the brief submitted by Aetna and Pacific Indemnity. Gulf and Pintlar concur in the motion and it is opposed by Aetna and Pacific Indemnity.

Essentially, Penn seeks to have those portions of Aetna and Pacific Indemnity's brief referring to the settlement negotiations stricken or deemed stricken from the record as being inappropriate under the Federal Rules of Evidence. The court need not specifically address the propriety of the statements as they have not been considered by the court and are not relevant to the court's determination that the tort of bad faith exists under the common law of the State of Idaho. For purposes of determining Gulf and Pintlar's Motion for Relief from Order and Penn's motion to strike, the court will deem as stricken from the record those portions of Aetna and Pacific Indemnity's memorandum referring to the purported settlement negotiation.

On February 2, 1987, Admiral Insurance Company (Admiral) filed with the court a motion to strike proposed judgment. Admiral's motion is consistent with this court's order of January 30, 1987, in which the court commented that entry of judgment against any of the insurance companies as to the duty to defend would be premature. Admiral's motion to strike pro-

posed judgments submitted by Gulf and Pintlar against Admiral will be granted.

On February 12, 1987, Gulf and Pintlar filed with the court a motion for partial summary judgment on the limited issue of duty to defend as it relates to Pacific Indemnity. On January 30, 1987, the court found that Pacific Indemnity owed no duty of indemnification, but the issue of Pacific Indemnity's duty to defend was not before the court at that time. Pacific Indemnity's memorandum in opposition to the motion raises no questions of fact regarding the duty to defend. Instead, Pacific Indemnity merely asks the court to first engage in apportionment of defense costs, which would render the instant motion moot.

It has been this court's expressed intent to engage in apportionment of defense costs, but to first determine which insurance companies must participate in that apportionment. In other words, the court must first determine which insurers owe a duty to defend and so order prior to assigning a portion of defense costs to a particular insurer. When the time comes to apportion defense costs, those insurers to whom a portion of defense costs will be attributed must first be found to owe a duty to defend under court order. The court will not apportion defense costs between volunteers or undetermined insurers, but must first determine the duty. Gulf and Pintlar's motion for partial summary judgment on the issue of duty to defend against Pacific Indemnity will be granted.

On February 19, 1987, Penn filed with the court a Motion for Partial Summary Judgment on the Issue of Indemnification. On March 16, 1987, Pintlar filed its opposition to Penn's motion and a cross-motion for partial summary judgment on the issue of indemnification. The motion is fully at issue.

■ This court has previously construed numerous provisions and clauses from the standard comprehensive general liability policies. The policy issued by Penn was not a standard comprehensive general liability policy. However, in the instant motion, Penn urges the court to find that the coverage provision in the Penn policy is sufficiently similar to that found in the standard comprehensive general liability policies to render this court's previous analysis applicable.

In the court's September 2, 1986, Memorandum Opinion and Order, the court found that the standard comprehensive general liability policy required that the property damage for which insurance is provided must occur during the policy period. The court stated that the policy coverage focuses on the time of the occurrence of the damage, not the time of the occurrence of the damage-causing event. In defining "occurrence and property damage," the standard comprehensive general liability policies use the phrase "during the policy period."

The policy issued by Penn states:

(a) Any and all liability imposed by law against the Assured for loss of or damage to or destruction of property of others (including but not limited to, damage resulting from loss of use of property damaged or destroyed and all other indirect and consequential damage for which legal liability exists in connection with such damage to or destruction of property of others) sustained or alleged to have been sustained during the currency of this Policy and arising from any cause whatsoever out of the operations, activities, work and/or business of the Assured in the United States of America, its territories and possessions and/or Canada.

Memorandum in Support of Motion for Partial Summary Judgment and in Opposition to Penn's Motion for Summary Judgment, filed March 16, 1987, at 13. The language regarding coverage in the above-quoted clause is "sustained or alleged to have been sustained during the currency of this Policy."

Pintlar has attempted to focus the court's attention on the analysis of the "occurrence" clause. However, while related, the occurrence clause and the coverage clause are distinct. In determining scope of coverage, the court has focused upon the point in time in which the damage is sustained rather than the point in time in

which the event causing the damage takes place.

Pintlar is correct in pointing out that this court's September 2, 1986, decision construing the standard comprehensive general liability policies is not the law of the case as to the language in the Penn policy. However, independently reviewed, the coverage in the standard comprehensive general liability policies and the policy issued by Penn results in the same analysis and outcome. The language "during the currency of this Policy" requires that the damage for which a potential for liability attaches occur during the policy period. The difference in language used in the standard comprehensive general liability policies and the Penn policy is, in reality, a distinction without a difference. Pintlar's arguments regarding "occurrence," type of damage covered, and damage "alleged to have been sustained," when considered under the above analysis and the policy provisions as a whole, do not change the clear scope of coverage. Penn's Motion for Partial Summary Judgment on the Issue of Indemnification will be granted and Pintlar's motion for partial summary judgment on the issue of indemnification will be denied.

Also at issue are cross-motions of Jervois Underwriters and Pintlar for partial summary judgment on the issue of the duty of indemnification. The court has reviewed the briefs of counsel and has determined that the issues regarding indemnification raised by the motions have not been decided previously by this court and are not sufficiently similar to issues previously decided for the court to enter an order without oral argument. The court will, therefore, herein schedule a hearing date for oral argument on the motions. Count four of Pintlar's third-party complaint against the Jervois Underwriters based on Idaho Code § 41–1839 will be dismissed.

On February 13, 1987, the court granted summary judgment in favor of First State Insurance Company (First State). The court granted summary judgment without prejudice on February 13, 1987, in favor of Northwestern National Insurance Company and Northwestern National Casualty Company (Northwestern). Both First State and Northwestern have moved the court for entry of final judgment and Rule 54(b) certificate.

It appears to the court that further participation in this action by First State and Northwestern is unnecessary. However, the court is reluctant, given the complexity of the issues in this case and the potential for change in positions and status of the various parties upon appellate review, to enter final judgments. Piecemeal appellate review in an action of this nature is to be avoided if at all possible. It appears to the court that only a minimal amount of further attorney's fees will be accumulated by First State and Northwestern in keeping abreast of this case until final judgment can be more appropriately entered. The motions of First State and Northwestern for entry of final judgment and Rule 54(b) certificate will be denied without prejudice.

First State has also filed with the court a request for attorney fees and costs. According to First State, the motion "was submitted to the court for purposes of protecting First-State's rights to an award of costs and attorney fees in the event the court rules that the judgment issued is indeed a final judgment, and subject to an award of costs and fees." First State's Reply to Objection to Memorandum of Costs and Attorney Fees, filed March 11, 1987, at 3–4. Since final judgment will not be entered at this time, an award of costs and attorney's fees is not appropriate. First State's motion for attorney's fees and costs will be denied without prejudice.

Finally, pending before the court is Aetna's Motion for Apportionment of Defense Costs and Admiral's Motion for Order Under Fed.R.Civ.P. 40 Placing Action Upon the Trial Calendar. The court will herein set a hearing date for Jervois Underwriters and Pintlar's cross-motions for partial summary judgment and Aetna's Motion for Apportionment of Defense Costs. At the conclusion of the hearing on those matters, the court will conduct a status conference for the purpose of scheduling further proceedings.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Gulf and Pintlar's Motion for Relief from Order should be, and is hereby, GRANTED. Count three of the amended third-party complaint asserting an action for a tort of bad faith is hereby reinstated.

IT IS FURTHER ORDERED that Penn's motion to strike a portion of the brief submitted by Aetna and Pacific Indemnity should be, and is hereby, GRANTED. For purposes of determining Gulf and Pintlar's Motion for Relief from Order and Penn's motion to strike, the court deems as stricken those portions of Aetna and Pacific Indemnity's memorandum referring to the purported settlement negotiations.

IT IS FURTHER ORDERED that Admiral's motion to strike proposed judgment should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that Gulf and Pintlar's motion for partial summary judgment on the duty to defend filed against Pacific Indemnity should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that Penn's Motion for Partial Summary Judgment on the Issue of Indemnification should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that Pintlar's motion for partial summary judgment against Penn on the issue of indemnification should be, and is hereby, DENIED.

IT IS FURTHER ORDERED that Jervois Underwriters' motion to dismiss count four of Pintlar's third-party complaint asserting a cause of action under Idaho Code § 41–1839 should be, and is hereby, GRANTED and count four DISMISSED.

IT IS FURTHER ORDERED that First State and Northwestern's motions for entry of final judgment and Rule 54(b) certificate should be, and are hereby, DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that First State's motion for attorney's fees and costs should be, and is hereby, DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a hearing on Jervois Underwriters and Pintlar's cross-motions for partial summary judgment, Aetna's Motion for Apportionment of Defense Costs, and a status conference will be conducted by the court on Thursday, October 29, 1987, at 2:00 p.m., in Boise, Idaho.